ELECTRONIC

**March 20, 2008**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| KEY CORPORATE CAPITAL, INC., )<br><br>    Plaintiff, )<br><br>v. )<br><br>BNP PARIBAS S.A., )<br><br>    Defendant. )<br>               ) | **08-CV-60401-Ungaro-O'Sullivan** |

## DEFENDANT, BNP PARIBAS', MOTION TO DISMISS THE COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, FOR FAILURE TO STATE A CLAIM

Defendant, BNP PARIBAS ("BNPP"), by and through its undersigned counsel, moves to dismiss the Complaint filed by Plaintiff, Key Corporate Capital, Inc., pursuant to Fed. R. Civ. P. 12(b)(3), S.D. Fla. L.R. 7.1, and 28 U.S.C. § 1406(a), on the ground of improper venue or, in the alternative, pursuant to Fed. R. Civ. P. 12(b)(6) and S.D. Fla. L.R. 7.1, on the ground that the Complaint fails to state a claim against the moving defendant. In support of such Motions, BNPP respectfully states as follows:

### MEMORANDUM OF LAW

### INTRODUCTION

This action was commenced on February 19, 2008, by the filing of a Complaint by Plaintiff, Key Corporate Capital, Inc.,[1] herein.[2] The Complaint names BNPP as the sole Defendant. *See* Compl.

---

[1] In 2005, Plaintiff, Key Corporate Capital, Inc., amended its name to Key Equipment Finance Inc., *see* Certified Copy of Application by Foreign Corporation for Authorization to Transact Business in Florida … for Key Equipment Finance Inc., attached as Exhibit 3 to BNPP's Notice

Greenberg Traurig, P.A. | Attorneys at Law | 401 East Las Olas Boulevard | Suite 2000 | Fort Lauderdale, FL 33301 | Tel 954.765.0500 | Fax 954.765.1477 | www.gtlaw.com

Key's action allegedly arises under two contractual agreements: (a) a Credit Agreement, attached as Exhibit A to the Complaint; and (b) a Bank Assignment And Assumption Agreement, attached as Exhibit B to the Complaint. Key seeks an accounting and damages against BNPP.

Key's Complaint must be dismissed because of improper venue, or alternatively, because it fails to properly allege the elements of a cause of action for an accounting under applicable law.

## FACTUAL BACKGROUND

On or about August 25, 2000, BNPP, as Agent, on behalf of the lending parties,[3] entered into the $25 million Credit Agreement, Compl., Ex. A, with Petropac and PJO Holdings, as borrowers. *See* Credit Agreement, attached as Exhibit A to the Complaint; Compl., ¶¶ 7 and 9. On or about November 3, 2000, $12,500,000 of the $25,000,000 aggregate commitment was syndicated to Key. *See* Bank Assignment And Assumption Agreement, attached as Exhibit B to the Complaint; Compl., ¶ 8.

Despite the infusion of more than $25 million into Petropac by its lenders and investors, including BNPP and Key, almost immediately Petropac was struggling financially, and on or about, April 14, 2003, BNPP, as Agent, declared Petropac in default under the Credit Agreement and exercised its rights thereunder. Compl., ¶ 8.

---

of Removal and Motion to Transfer with Incorporated Memorandum of Law. (Key Corporate Capital, Inc., n/k/a Key Equipment Finance Inc., is collectively referred to herein as "Key").

[2] The Complaint, with Exhibits A and B attached thereto, is attached as Exhibit 1 to the Notice of Removal and Motion to Transfer With Incorporated Memorandum of Law, filed by BNPP.

[3] "'Agent' shall mean BNP Paribas in its capacity as Agent for the Banks hereunder and shall include any successor to the Agent appointed pursuant to Section 12.09." *See* Compl., Ex. A, p. 83.

Greenberg Traurig, P.A. | Attorneys at Law | 401 East Las Olas Boulevard | Suite 2000 | Fort Lauderdale, FL 33301 | Tel 954.765.0500 | Fax 954.765.1477 | www.gtlaw.com

Over the course of the loan and following the foreclosure, BNPP as Agent, incurred out-of-pocket costs and expenses, including reasonable fees and disbursements of counsel for BNPP as Agent, in connection with the enforcement of the Credit Agreement and other credit documents. *See, e.g.,* Compl., Ex. A, § 13.01.

Likewise, during the course of the liquidation of Petropac, BNPP as Agent, collected monies from, or on behalf of Petropac, and applied those funds pro rata to some of the out-of-pocket costs and expenses incurred by BNPP as Agent, and distributed to the Banks, including BNPP and Key, their respective pro rata shares of the balance. *See, e.g.,* Compl., Ex. A, § 13.06; Compl., ¶ 9.

Thereafter, and notwithstanding having no obligation to do so, BNPP as Agent, provided Key with a detailed summary, reconciliation, and backup material and documentation, relative to the payments received from Petropac, the funds received resulting from the liquidation, the costs and expenses incurred by the Agent in performance of its duties and responsibilities under the agreements, and the pro rata payments made to the Banks, including Key. *See, e.g.,* Compl., ¶ 17.

Notwithstanding, Key filed the instant action in the wrong venue, seeking relief to which it is not entitled under either the law or the contractual agreements involved herein, and which for all intents and purposes it was already provided more than a year ago.

## LEGAL AUTHORITY AND ARGUMENT

### A.   THE COMPLAINT MUST BE DISMISSED BECAUSE OF IMPROPER VENUE.

Reference to the Credit Agreement, attached to the Complaint as Exhibit A, and the Bank Assignment And Assumption Agreement, attached as Exhibit B to the Complaint, makes clear that Key specifically agreed that the forum in which any disputes with BNPP must be litigated is

3

Greenberg Traurig, P.A. | Attorneys at Law | 401 East Las Olas Boulevard | Suite 2000 | Fort Lauderdale, FL 33301 | Tel 954.765.0500 | Fax 954.765.1477 | www.gtlaw.com

3 of 12

either the United States District Court for the Southern District of New York or the Supreme

Court of the State of New York.

The Credit Agreement, Compl., Ex. A, contains the following choice of law and forum

selection clause:

> 13.08  GOVERNING LAW; SUBMISSION TO JURISDICTION; VENUE; WAIVER OF JURY TRIAL. (a) THIS AGREEMENT AND THE OTHER CREDIT DOCUMENTS AND THE RIGHTS AND OBLIGATIONS OF THE PARTIES HEREUNDER AND THEREUNDER SHALL, EXCEPT AS OTHERWISE PROVIDED IN ANY MORTGAGE, BE CONSTRUED IN ACCORDANCE WITH AND BE GOVERNED BY THE LAW OF THE STATE OF NEW YORK. ANY LEGAL ACTION OR PROCEEDING WITH RESPECT TO THIS AGREEMENT OR ANY OTHER CREDIT DOCUMENT MAY BE BROUGHT IN THE COURTS OF THE STATE OF NEW YORK OR OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK, AND, BY EXECUTION AND DELIVERY OF THIS AGREEMENT, EACH OF HOLDINGS AND THE BORROWER HEREBY IRREVOCABLY ACCEPTS FOR ITSELF AND IN RESPECT OF ITS PROPERTY, GENERALLY AND UNCONDITIONALLY, THE EXCLUSIVE JURISDICTION OF THE AFORESAID COURTS. …

(emphasis in original).

Moreover, the Bank Assignment And Assumption Agreement, Compl., Ex. B, contains

the following choice of law clause:

> 7.  THIS BANK ASSIGNMENT AND ASSUMPTION AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAW OF THE STATE OF NEW YORK.

(emphasis in the original).

The Revolving Note, attached to the Bank Assignment And Assumption Agreement,

Compl., Ex. B, similarly contains the following choice of law clause:

4

Greenberg Traurig, P.A. | Attorneys at Law | 401 East Las Olas Boulevard | Suite 2000 | Fort Lauderdale, FL 33301 | Tel 954.765.0500 | Fax 954.765.1477 | www.gtlaw.com

4 of 12

THIS NOTE SHALL BE CONSTRUED IN ACCORDANCE WITH AND BE GOVERNED BY THE LAW OF THE STATE OF NEW YORK.

(emphasis in original).

Section 13.08 of the Credit Agreement requires that this dispute be litigated in New York. The law in this Circuit is now well-settled that motions to dismiss based on choice-of-forum clauses are properly brought pursuant to Fed. R. Civ. P. 12(b)(3) as motions to dismiss for improper venue. *Lipcon v. Underwriters at Lloyd's London*, 148 F.3d 1285, 1290 (11th Cir. 1998); *Sun Trust Bank v. Sun Int'l Hotels Ltd.*, 184 F. Supp. 2d 1246, 1257 (S.D. Fla. 2001); *Webster v. Royal Caribbean Cruises, Ltd.*, 124 F. Supp. 2d 1317, 1320 (S.D. Fla. 2000).

Because forum-selection clauses are presumptively valid and enforceable, *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989); *Sun Trust Bank*, 184 F. Supp. 2d at 1258 (the starting point for the analysis, of course, is the presumption that the clause is valid and enforceable); *see also Performance Paint Yacht Refinishing, Inc. v. Haines,* 190 F.R.D. 699, 700 (S.D. Fla. 1999), it is Key -- not BNPP – that bears the burden of establishing that the forum-selection clause in the Credit Agreement should be disregarded. *In re Ricoh,* 870 F.2d at 573 ("The opponent bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify retention of the dispute"); *see also Goldberg v. Cunard Line, Ltd.*, No. 91-6267-Civ-Marcus, 1992 WL 142582, at *1 (S.D. Fla. Jan. 24, 1992). That burden is a heavy one.

In *In re Ricoh*, the Eleventh Circuit, relying on Justice Kennedy's concurring opinion in *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), held that plaintiff cannot shoulder this burden unless it establishes that its case "present[s] the type of 'exceptional' situation in which judicial enforcement of a contractual choice of forum clause would be improper." *In re Ricoh,* 870 F.2d at 574. The type of "exceptional" situations necessary to avoid enforcement of a

5

Greenberg Traurig, P.A. | Attorneys at Law | 401 East Las Olas Boulevard | Suite 2000 | Fort Lauderdale, FL 33301 | Tel 954.765.0500 | Fax 954.765.1477 | www.gtlaw.com

5 of 12

forum-selection clause are the "presence of fraud, duress, misrepresentation, or other misconduct," or "intervening and unexpected occurrences between the contract's formation and the filing of the suit, [so that] the contract's purpose would be frustrated [by enforcement of the clause]." *Id.* at 573-74; *see also XR Co. v. Block & Baldestri, P.C.*, 44 F. Supp. 2d 1296, 1299-1300 (S.D. Fla. 1999). Key has not alleged, nor can it allege, any facts that even begin to meet this heavy burden.

The forum-selection clause in the Credit Agreement applies to each claim asserted in the Complaint. In *Stewart Org., Inc. v. Ricoh Corp.*, 810 F.2d 1066 (11th Cir. 1987), *aff'd*, 108 S. Ct. 2239 (1988)--which arose out of a distribution relationship where the parties' agreement contained a forum-selection clause--the Eleventh Circuit held that the forum-selection clause applied to all claims, even those that were not contractual in nature, such as fraud and antitrust. *See also Business Aide Computers, Inc. v. Central Florida Mack Trucks, Inc.*, 432 So. 2d 681, 682-83 (Fla. Dist. Ct. App. 1983) (venue provision of lease agreement for computer was applicable to action be lessee seeking rescission of lease agreement on grounds of fraudulent inducement in that rescission action was alleged "in connection with" the contract); *see also Bense v. Interstate Battery Sys. of Am.*, 683 F.2d 718, 721-22 (2d Cir. 1982)(forum-selection clause covers antitrust claims). Thus, the accounting and damages claims asserted in the Complaint must be litigated in New York, and therefore must be dismissed by this Court for improper venue.

Further, 28 U.S.C. § 1406(a) states: "the district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

6

Greenberg Traurig, P.A. | Attorneys at Law | 401 East Las Olas Boulevard | Suite 2000 | Fort Lauderdale, FL 33301 | Tel 954.765.0500 | Fax 954.765.1477 | www.gtlaw.com

6 of 12

Here, the forum selection clause contained in Exhibit A to the Complaint is reasonable and enforceable.

WHEREFORE, Defendant, BNP Paribas, respectfully requests that the above action be dismissed it its entirety because it was filed in the improper venue, and that this Court make such other and further orders as are just and equitable.

**B.   THE COMPLAINT MUST BE DISMISSED BECAUSE KEY FAILS TO STATE A CLAIM FOR AN ACCOUNTING UNDER NEW YORK LAW.**

If Key's Complaint is not dismissed on venue grounds, it should nonetheless be dismissed for failure to state a claim for at least the additional independent reason that Key's claim for an accounting fails, as a matter of law, because Key was not in a fiduciary or special relationship with BNPP, and the Credit Agreement, Compl., Ex. A, specifically negates Key's claim of entitlement to an accounting.

The standard of review on BNPP's motion to dismiss Key's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is as follows:

> The Court must, at this stage of the litigation, . . . accept the plaintiff's allegations as true.  Further, the Court should not grant a motion to dismiss unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action.*

*Law Offices of David J. Stern, P.A. v. SCOR Insurance Corp.*, 354 F. Supp. 2d 1338, 1342 (S.D. Fla. 2005) (internal citation and punctuation omitted) (emphasis added).   "A motion to dismiss will be granted where it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations." *Sonnenreich v. Philip Morris Inc.*, 929 F. Supp. 416, 417 (S.D. Fla. 1996) (citation and internal punctuation omitted).

7

Greenberg Traurig, P.A. | Attorneys at Law | 401 East Las Olas Boulevard | Suite 2000 | Fort Lauderdale, FL 33301 | Tel 954.765.0500 | Fax 954.765.1477 | www.gtlaw.com

7 of 12

Although, "[g]enerally, consideration of matters beyond the complaint is improper in the context of a 12(b)(6) motion," "when a plaintiff refers to a document in the complaint and that document is central to the plaintiffs claim, then the Court may consider the document as part of the pleadings for purposes of ruling on a motion to dismiss." *P.J. v. Gordon*, 359 F. Supp. 2d 1347, 1348 (S.D. Fla. 2005) (citation and punctuation omitted). *See also Hanna v. WCI Communities, Inc.*, 348 F. Supp. 2d 1322, 1325 (S.D. Fla. 2004) (holding that documents central to plaintiff's claim and documents whose authenticity is not in question may be considered on a motion to dismiss). Since the authenticity of the documents attached to Key's Complaint are not in dispute, they may be considered by the Court in ruling upon BNPP's motion to dismiss.

Here, Key has not alleged any facts showing that it was in a "fiduciary" or other "special relationship" with BNPP. Indeed, to the contrary, Key and BNPP contractually agreed that "the Agent[BNPP] shall not have by reason of this Agreement or any other Credit Document a fiduciary relationship in respect of any Bank[Key]." *See* Credit Agreement § 12.02.

Specifically, Section 12.02 of the Credit Agreement, attached as Exhibit A to the Complaint, states:

> 12.02 Nature of Duties. The Agent[BNPP] shall have no duties or responsibilities except those expressly set forth in this Agreement and the other Credit Documents. Neither the Agent[BNPP] nor any of its officers, directors, agents, employees or affiliates shall be liable for any action taken or omitted by it or them hereunder or under any other Credit Document or in connection herewith or therewith, unless caused by its or their gross negligence or willful misconduct. The duties of the Agent[BNPP] shall be mechanical and administrative in nature; the Agent[BNPP] shall not have by reason of this Agreement or any other Credit Document a fiduciary relationship in respect of any Bank or the holder of any Note, and nothing in this Agreement or any other Credit Document, expressed or implied, is intended to or shall be so construed as to impose upon the Agent[BNPP] any obligations in respect of their Agreement or any other Credit Document except as expressly set forth herein.

8

Greenberg Traurig, P.A. I Attorneys at Law I 401 East Las Olas Boulevard I Suite 2000 I Fort Lauderdale, FL 33301 I Tel 954.765.0500 I Fax 954.765.1477 I www.gtlaw.com

8 of 12

(emphasis added).

Similarly, Section 12.07 of the Credit Agreement, attached as Exhibit A to the Complaint, specifically negates that BNPP has or had any obligation to provide an accounting to Key, wherein it states:

> The Agent[BNPP] ... may accept fees and other consideration from the Borrower or any other Credit Party for services in connection with this Agreement and otherwise without having to account for the same to the Banks.

(emphasis added).

Moreover, Section 12.06 of the Credit Agreement, attached as Exhibit A to the Complaint, states:

> 12.06 Indemnification. To the extent the Agent[BNPP] is not reimbursed and indemnified by the Borrower, the Banks will reimburse and indemnify the Agent[BNPP], in proportion to their respective "percentages" as used in determining the Required Banks, for and against any and all liabilities, obligations, losses, damages, penalties, claims, actions, judgments, suits, costs, expenses or disbursements of whatsoever kind or nature which may be imposed on, asserted against or incurred by the Agent[BNPP] in performing its duties hereunder or under any other Credit Document, in any way relating to or arising out of such liabilities, obligations, loses, damages, penalties, actions, judgments, suites, costs, expenses or disbursements resulting from the Agent[BNPP]'s gross negligence or willful misconduct.

Under New York law, the absence of a fiduciary or special relationship is fatal to Key's accounting claim because "[t]he right to an accounting is premised upon the existence of a confidential or fiduciary relationship and a breach of the duty imposed by that relationship respecting property in which the party seeking the accounting has an interest." *Palazzo v. Palazzo,* 121 A.D.2d 261, 265 (N.Y. App. Div. 1 Dept. 1986); *Chalem v. Bonime,* 155 A.D.2d 360 (N.Y. App. Div. 1 Dept.1989) (Plaintiffs stated a claim for an accounting where the

9

Greenberg Traurig, P.A. | Attorneys at Law | 401 East Las Olas Boulevard | Suite 2000 | Fort Lauderdale, FL 33301 | Tel 954.765.0500 | Fax 954.765.1477 | www.gtlaw.com

9 of 12

complaint alleged: (1) the parties agreed to invest $50,000 each in a close corporation and share the profits; (2) the plaintiff never received his stock; and (3) the defendant converted the plaintiff's contribution to his own use)).

> The right to an accounting rests on the existence of a trust or fiduciary relationship regarding the subject matter of the controversy at issue. (*Town of New Windsor v. New Windsor Volunteer Ambulance Corps.*, 16 A.D.3d 403, 404, 791 N.Y.S.2d 159; *see El-Khoury v. Karasik*, 265 A.D.2d 372, 373-74, 697 N.Y.S.2d 299; *Wesselmann v. International Images*, 259 A.D.2d 448, 687 N.Y.S.2d 339; *Chalasani v. State Bank of India, N.Y. Banch,* 235 A.D.2d 449, 450, 653 N.Y.S.2d 28).

*Akkaya v. Prime Time Transportation, Inc.,* 45 A.D. 3d 616, 845 N.Y.S.2d 827 (2007).

Here, since the agreements attached to the Complaint as Exhibits A and B, specifically state that BNPP is not liable to Key, that there is no fiduciary relationship between BNPP and Key, that BNPP does not have to account to Key, and to the contrary, that BNPP is entitled to indemnification from Key, Key has not and cannot state a claim for an accounting.

"Although the Court must take the allegations in a complaint as true when reviewing motions to dismiss, it is not permitted to read into the complaint facts that are not there." *Saunders v. Hunter*, 980 F. Supp. 1236, 1241 (M.D.Fla. 1997). Under the facts alleged in the Complaint and the documents attached to the Complaint, which are incorporated into the Complaint for all purposes, there is no fiduciary relationship between BNPP and Key, and it is impossible for Key to recover the relief that it has requested, and therefore the Complaint must be dismissed for failure to state claim upon which relief may be granted.

WHEREFORE, since Plaintiff, Key Corporate Capital, Inc., agreed, in a written contract, that any disputes arising from the Credit Agreement would be litigated in New York, Defendant, BNP Paribas respectfully requests that this Court hold Key to its promise and dismiss this action

Greenberg Traurig, P.A. | Attorneys at Law | 401 East Las Olas Boulevard | Suite 2000 | Fort Lauderdale, FL 33301 | Tel 954.765.0500 | Fax 954.765.1477 | www.gtlaw.com

10 of 12

for improper venue. Alternatively, if the Court decides not to dismiss the action for improper venue, Defendant, BNP Paribas, respectfully requests that this Court nonetheless dismiss the action with prejudice for failure to state a claim on which relief could be granted, and grant BNPP such other and further relief as is just and proper.

Respectfully submitted this 20th day of March, 2008.

GREENBERG TRAURIG, P.A.
Attorneys for Defendant, BNP Paribas
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, Florida 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477


GLENN E. GOLDSTEIN
Florida Bar No. 435260
*goldsteing@gtlaw.com*
CARAN ROTHCHILD
Florida Bar No. 983535
*rothchildc@gtlaw.com*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via regular U.S. Mail upon those individuals listed on the following Service List this 20th day of March, 2008.


CARAN ROTHCHILD

11

Greenberg Traurig, P.A. | Attorneys at Law | 401 East Las Olas Boulevard | Suite 2000 | Fort Lauderdale, FL 33301 | Tel 954.765.0500 | Fax 954.765.1477 | www.gtlaw.com

11 of 12

## SERVICE LIST

ARNSTEIN & LEHR LLP
Alan G. Kipnis, Esq.
John M. Cooney, Esq.
Counsel for Key Corporate Capital, Inc.
200 East Las Olas Boulevard
Suite 1700
Fort Lauderdale, FL 33301
Telephone: (954) 713-7600
Facsimile: (954) 713-7700

*FTL 106,978,822v1 3/14/2008*

12

Greenberg Traurig, P.A. | Attorneys at Law | 401 East Las Olas Boulevard | Suite 2000 | Fort Lauderdale, FL 33301 | Tel 954.765.0500 | Fax 954.765.1477 | www.gtlaw.com

12 of 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

KEY CORPORATE CAPITAL, INC.,

       Plaintiff,              **08-CV-60401-UNGARO-O'SULLIVAN**

BNP PARIBAS, S.A.,

       Defendant.

_____/

## PLAINTIFF'S RESPONSE MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

    The Plaintiff, KEY CORPORATE CAPITAL, INC. ("Key"), by and through its undersigned counsel, hereby submits this Response Memorandum of Law in Opposition to the Defendant, BNP PARIBAS' ("BNPP") Motion to Dismiss the Complaint for Improper Venue or, in the Alternative, for Failure to State a Claim (hereinafter referred to as the "Motion to Dismiss") [DE 2]. For the reasons set forth herein, Key respectfully submits that BNPP's Motion to Dismiss should be denied in all respects.

## MEMORANDUM OF LAW

    Simultaneously with the filing of BNPP's motion to dismiss for improper venue or for failure to state a claim, BNPP filed a motion to transfer this action to the District Court of the Southern District of New York. [BNPP's Notice of Removal and Motion to Transfer, DE 1]. Key does not oppose transfer of this action to the Southern District of New York. Moreover, Key agrees with BNPP that transfer of this case "would avoid an obstacle to adjudication on the merits in this district, i.e., dismissal based on improper venue," and that transfer, rather than dismissal for improper venue, is generally considered to be more "in the interest of justice" as it preserves the action and "avoids the time consuming and justice defeating technicalities to which dismissal for improper venue

necessarily gives rise." [DE 1, at pp. 8-9, par. 7]. Generally, if venue is not proper in the district court where the action is initiated, transfer to a proper district or division is preferred over dismissal. *Simpson v. Federal Bureau of Prisons,* 496 F.Supp.2d 187, 194 (D.D.C. 2007) (interests of justice generally favor transfer rather than dismissal under §1406(a)); *Van Gelder v. Taylor,* 621 F.Supp. 613, 621-2 (N.D. Ill. 1985).

In this instance, transfer rather than dismissal is appropriate for an additional reason. BNPP asserts, in its Notice of Removal and Motion to Transfer, that BNPP has not consented to personal jurisdiction in the State of Florida and states therein that it "does not waive any jurisdictional or other defenses that might be available to it, including … lack of personal jurisdiction … ." [DE 1, at p. 3, par. 11]. While simultaneously leaving open the question of whether or not this court has personal jurisdiction over BNPP, BNPP seeks a ruling by this Court on the merits of Plaintiff's Complaint by way of a 12(b)(6) motion. While a district court has authority to ***transfer*** an action to another court if venue is improper even though it lacks personal jurisdiction over the defendant, a district court cannot entertain a defendant's 12(b)(6) motion without first determining that the court has personal jurisdiction over the defendant. *See, Arrowsmith v. United Press, Int'l,* 320 F.2d 219, 221 (2d Cir. 1963) (en banc) (error to dismiss for failure to state a claim before addressing whether court has personal jurisdiction over defendant). BNPP cannot have it both ways. Either BNPP must ***waive*** any objection to personal jurisdiction, or this court cannot entertain BNPP's motion to dismiss for failure to state a claim.

By not joining a 12(b)(2) argument demonstrating <u>why</u> this court does not have personal jurisdiction over BNPP with its 12(b)(6) motion, BNPP may already have waived any objection to personal jurisdiction. In the event, and to the extent, that BNPP has waived objection to personal jurisdiction, Key responds to BNPP's 12(b)(6) motion for failure to state a claim as follows.

8070908_1.DOC

Federal courts require notice pleading. A pleading must contain a short and plain statement of the claim showing the party is entitled to relief. Fed. R. Civ. P. 8(a)(2). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can plead no set of facts in support of a claim. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1022 (11th Cir. 2001). The court must accept plaintiff's material allegations as true and construe them in the light most favorable to the plaintiff. *Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003).

BNPP moves to dismiss on the basis that Key's Complaint fails to state a claim for accounting under New York law.[1] The basis for an equitable action for accounting, under New York law, is the existence of a fiduciary or trust relationship respecting the subject matter of the controversy. *Bouley v. Bouley,* 19 A.D.3d 1049 (4th Dept. 2005). The existence of a bare agency is not sufficient to demand an accounting. Rather, the right to maintain an action for an accounting against an agent depends on whether or not the agent has acted as and breached his duty as a fiduciary. *Id.* **The fiduciary relationship necessary to maintain an accounting is created by the plaintiff entrusting to the defendant some money or property with respect to which the defendant is bound to reveal his dealings.** *Id.* (citing *Stevens v. St. Joseph's Hospital,* 52 A.D.2d 722, 722-723 (1976)).

The court is not bound by the contractual disclaimer that there is no fiduciary relationship between the Agent [BNPP] and any Bank [Key]. Under New York law, as in other jurisdictions, the court is not bound by disclaimers between the parties in determining their true relationship. *Stevens v. St. Joseph's Hospital,* 52 A.D.2d 722, 722-723 (1976)*; Rubenstein v. Small,* 273 A.D. 102 (1st Dept. 1947)*.* The court is always free to go behind the characterization in an agreement describing

---

[1] For purposes of this response, Key will not dispute application of New York law to this issue.

8070908_1.DOC

the parties' relationship to find that a fiduciary relationship in fact exists. "The transaction must be judged by its real character, rather than by the form and color which the parties have seen fit to give it." *Silber v. Rainess & Co.,* 34 A.D.2d 188, 191 (1st Dept. 1970).

Key's Complaint, and the Credit Agreement attached to the Complaint, imports a relationship of trust and confidence between the parties. BNPP was handling Key's money and was entrusted with receiving payments in liquidation of the Borrower and splitting those payments equally between BNPP and Key. [DE 1, Exh. 1: Complaint at par. 9]. For BNPP to assert that its collection and pro-rata sharing of liquidation assets did not impose upon it the burden of accounting is ludicrous. "It is enough to find a relation of agency or confidence and that the agent received property of the principal for which he refuses to account." *Rubenstein v. Small,* 273 A.D. 102, 104 (1st Dept. 1947).

In its motion to dismiss, BNPP takes sections of the Credit Agreement out of context in an attempt to support its claim there was no contractual duty to account to Key. BNPP relies upon verbiage in section 12.07 of the Credit Agreement to demonstrate that BNPP did not have any contractual obligation to provide an accounting to Key. [Motion to Dismiss, p. 9]. However, section 12.07, entitled **"The Agent in Its Individual Capacity,"** does not govern BNPP in its role as Agent for Key. Rather, section 12.07 grants BNPP the right to act, not only as the Agent for the Banks, but also as a lender to the borrowers, just like Key, and, when acting in such an individual capacity, to enjoy the same rights and powers that Key does as a lender to the Borrower. Indeed, BNPP was both a lender ("Bank") and an Agent for the Banks in this transaction. This section does not speak to BNPP's duties or obligations *as Agent*, and this section does not negate a duty on the part of BNPP to account to Key in the collection and distribution of liquidation assets.

BNPP's reliance on section 12.06 of the Credit Agreement is similarly misplaced. [Motion to Dismiss, at p. 9]. First, without an accounting by BNPP as the Agent for the Banks, how is anyone to determine "the extent [to which] the Agent is not reimbursed by the Borrower?" Second, there is no indemnification (by the "Banks", Key and BNPP) of the Agent's losses that are due to the Agent's gross negligence or willful misconduct. This section cannot be read to exclude the Agent's duty to account to the Banks of the assets collected in liquidation.

WHEREFORE, since Key Corporate Capital, Inc., does not oppose Defendant's motion to transfer, and because transfer, rather than dismissal, would avoid an obstacle to adjudication on the merits in this district, and especially where Defendant suggests that this court lacks personal jurisdiction over the Defendant, this case should be transferred to the Southern District of New York. The Defendant's motion to dismiss the action, for improper venue or for failure to state a claim, should be denied for the reasons stated herein.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 7, 2008, I electronically filed the foregoing Plaintiff's Response Memorandum of Law in Opposition to Defendant's Motion to Dismiss with the Clerk of the Court by using the CM/ECF System which will send a Notice of Electronic Filing to the CM/ECF participants listed on the attached Service List.

**ARNSTEIN & LEHR LLP**
*Counsel for Plaintiff, Key*
 *Corporate Capital, Inc.*
200 East Las Olas Boulevard
Suite 1700
Fort Lauderdale, Florida 33301
Telephone: (954) 713-7600
Facsimile: (954) 713-7700
E-Mail: jmcooney@arnstein.com


By:/s/ John M. Cooney
 John M. Cooney
 Florida Bar No.: 854451

5

8070908_1.DOC

**KEY CORPORATE CAPITAL, INC. vs. BNP PARIBAS, S.A.**

**CASE NUMBER: 08-CV-60401-UNGARO-O'SULLIVAN**
**SERVICE LIST**

**CM/ECF Participants**

Glenn E. Goldstein, Esq.
Caran Rothchild, Esq.
**Greenberg Traurig, P.A.**
*Attorneys for Defendant*
401 East Las Olas Blvd.
Suite 2000
Ft. Lauderdale, Florida 33301
Telephone: (954) 765-0500
Facsimile: (954) 765-1477
E-mail: rothchildc@gtlaw.com

8070908_1.DOC

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 08-60401-CIV-UNGARO

KEY CORPORATE CAPITAL, INC.,

     Plaintiff,

v.

BNP PARIBAS, S.A.,

     Defendant.

_____/

## ADMINISTRATIVE ORDER CLOSING CASE

THIS CAUSE is before the Court *sua sponte*.

THE COURT being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that for administrative purposes this case is hereby CLOSED.

It is further

ORDERED AND ADJUDGED that all pending motions are hereby DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of April, 2008.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Magistrate Judge Simonton

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 08-60401-CIV-UNGARO

KEY CORPORATE CAPITAL, INC.,

     Plaintiff,

v.

BNP PARIBAS, S.A.,

     Defendant.

_____/

## <u>ORDER OF TRANSFER</u>

THIS CAUSE is before the Court upon Defendant's Motion to Transfer With

Incorporated Memorandum of Law, filed on March 20, 2008 (D.E. 1).[1]

THE COURT has considered the Motion and the pertinent portions of the record and is

otherwise fully advised in the premises.  In its Motion, Defendant argues that the case should be

transferred to the United States District Court for the Southern District of New York pursuant to

28 U.S.C. § 1406(a).  (Def.'s Mot. 6.)  Section 1406(a) states that "[t]he district court of a district

in which is filed a case laying venue in the wrong division or district shall . . . transfer such case

to any district or division in which it could have been brought."  According to Defendant, the

forum selection clause in the underlying Credit Agreement, which forms the basis for the instant

lawsuit, places venue in the Southern District of New York.  (Def.'s Mot. 6-7.)  However, the

mere presence of a forum selection clause fails to render a venue improper.  In fact, when a case

is properly removed on diversity grounds to a federal district court in the district where the state

action was pending–as is the case here–venue in that district court is established as a matter of

---

[1] Defendant's Motion to Transfer is incorporated in its Notice of Removal (D.E. 1).

law, and a defendant cannot thereafter move to dismiss the action on venue grounds even if venue was improper when the case was initially filed. 28 U.S.C. § 1441(a); *Hollis v. Florida State University*, 259 F.3d 1295, 1299 (11th Cir. 2001). Additionally, the Eleventh Circuit has held that enforcement of a forum selection clause in a diversity jurisdiction case is governed by 28 U.S.C. § 1404(a). *See P & S Bus. Machs., Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003). Thus, the Court finds that venue is proper in the Southern District of Florida and that the case cannot be transferred for improper venue pursuant to 28 U.S.C. § 1406(a).

However, Plaintiff has stated that it does not oppose transferring the case to the Southern District of New York. (*See* D.E. 4 at 1.) As a result, the Court will consider transferring the case pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides, in relevant part, that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts have broad discretion over issues related to venue transfer. *See, e.g., Del Monte v. Dole*, 136 F.Supp.2d 1271, 1281 (S.D. Fla. 2001). Section 1404(a) is intended to allow the district court discretion to decide motions to transfer venue according to an "individualized, case-by-case consideration of convenience and fairness." *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964). Moreover, the "presence of a forum-selection clause such as the parties entered into in this case will be a significant factor that figures centrally in the district court's calculus." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). Indeed, "the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). The opponent of the motion to enforce a forum selection clause "bears the burden of persuading the court that the contractual forum is sufficiently inconvenient to justify

2

retention of the dispute." *Id.*

In this case, it appears undisputed that the Credit Agreement contains a valid permissive forum selection clause. "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" *Global Satellite Commc'n Co. v. Starmill U.K. Ltd.*, 378 F.3d 1269, 1272 (11th Cir. 2004) (quoting *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1261 (11th Cir. 1999)). The relevant clause in the Credit Agreement states, in pertinent part: "ANY LEGAL ACTION OR PROCEEDING WITH RESPECT TO THIS AGREEMENT OR ANY OTHER CREDIT DOCUMENT MAY BE BROUGHT IN THE COURTS OF THE STATE OF NEW YORK OR OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK." (Compl. Ex. A, at 117) The use of the operative word "may" renders this clause permissive, rather than mandatory. Because neither party has attacked the validity of this forum selection clause, the Court finds it to be valid. As a result, the Court finds that this action might have been brought in the United States District Court for the Southern District of New York. *See Global Satellite Commc'n Co.*, 378 F.3d at 1272.

Courts investigating whether to transfer venue in connection with a forum selection clause should consider convenience and fairness. *See Van Dusen*, 376 U.S. at 622. Plaintiff has made no showing that transferring this case to New York would be either inconvenient or unfair; to the contrary, Plaintiff has stated that it has no opposition to the transfer. (*See* D.E. 4 at 1.) Moreover, Defendant maintains that its principal North American place of business is New York; its witnesses, books, and records are in New York; the alleged actions or omissions that form the basis for this suit took place in New York; and Plaintiff's witnesses, books, and records are

3

primarily located in Ohio. (Def.'s Mot. 8.) Thus, the Court finds that the parties' forum

selection clause shall be enforced as written and that the entire case shall be transferred to the

United States District Court for the Southern District of New York. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendants' Motion to Transfer (D.E. 1) is

GRANTED pursuant to 28 U.S.C. § 1404(a). The Clerk of the Court is hereby DIRECTED to

take all necessary steps and procedures to effect the expeditious transfer of the above-styled

action to the United States District Court for the Southern District of New York for all further

proceedings.[2]

DONE AND ORDERED in Chambers at Miami, Florida, this 12th day of April, 2008.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Counsel of Record

---

[2] The Court notes that there is a pending Motion to Dismiss (D.E. 2) but declines to
dispose of such Motion at this time, preferring to allow the appropriate court in New York to
attend to such matter.

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

STEVEN M. LARIMORE
CLERK OF COURT



April 15, 2008

United States District Court
Southern District of New York
120 Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE: *Key Corporate Capital , Inc. V. BNP Paribas SA*
Case No. 0:08-cv-60401-UU

Dear Sir:

In compliance with the Order of Transfer of the Honorable Ursula
Ungaro, U.S. District Judge of 4/12/08, we are forwarding herewith
the court file together with a certified copies of the docket sheet
and transfer Order.

Please acknowledge receipt of the above on the enclosed copy of
this letter.

STEVEN M. LARIMORE
Clerk of Court

by: s/Ahlai Israel
    Ahlai Israel
    Deputy Clerk

Encl.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

STEVEN M. LARIMORE
CLERK OF COURT



April 15, 2008

United States District Court
Southern District of New York
120 Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

RE: *Key Corporate Capital , Inc. V. BNP Paribas SA*
Case No.0:08-cv-60401-UU

Dear Sir:

In compliance with the Order of Transfer of the Honorable Ursula Ungaro, U.S. District Judge, of 4/12/08, we are forwarding herewith the court file together with a certified copy of the docket sheet and transfer Order.

Please acknowledge receipt of the above on the enclosed copy of this letter.

STEVEN M. LARIMORE
Clerk of Court

by: S/Ahlai Israel
    Ahlai Israel
    Deputy Clerk

Encl.

CLERK'S ACKNOWLEDGMENT OF RECEIPT

Receipt of: 1) court file
          2) Certified copy of
            Transfer Order
          3) Certified copy of
            Docket sheet

is hereby acknowledged. This case has been assigned our case number:

_____

by: _____, Deputy Clerk

on: _____

☐301 N. Miami Avenue    ☐299 E. Broward Boulevard    ☐701 Clematis Street    ☐301 Simonton Street    ☐300 S. Sixth Street
Room 150    Room 108    Room 402    Room 130    Ft. Pierce, FL 34950
Miami, FL 33128    Ft. Lauderdale, FL 33301    W. Palm Beach, FL 33401    Key West, FL 33040    772-595-9691
305-523-5100    954-769-5400    561-803-3400    305-295-8100

Duplicate Duplicate Duplicate