UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KEY CORPORATE CAPITAL, INC.,

                Plaintiff,

        -v.-

BNP PARIBAS S.A.,

                Defendant.
------------------------------------------------------------------x

08-CV-03695
(RJH)

## DEFENDANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM

GREENBERG TRAURIG, LLP
MetLife Building
200 Park Avenue, 15th Floor
New York, New York  10166
(212) 801-9200

GREENBERG TRAURIG, P.A.
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, Florida  33301
(954) 765-0500

ATTORNEYS FOR DEFENDANT
BNP PARIBAS S.A.,

Defendant, BNP Paribas ("BNPP"), respectfully submits this reply memorandum of law in further support of its motion to dismiss the Complaint.[1]

## PRELIMINARY STATEMENT

Plaintiff Key Corporate Capital, Inc.'s ("Key") opposition to BNPP's motion to dismiss does not refute the fundamental deficiencies in its claim for an accounting: 1) that Key has failed to allege the existence of a fiduciary relationship between Key and BNPP; and 2) that Key's Complaint fails to identify any wrongdoing on the part of BNPP. Rather, Key's opposition merely contends that the Court should ignore the exhibits Key attached to its own Complaint --which demonstrate that there is no fiduciary relationship between Key and BNPP -- and instead should look beyond the four corners of the Complaint and its attachments to provide Key with relief that it concedes on the very face of its Complaint it long ago already received. That demand should be rejected and the Complaint should be dismissed.

## ARGUMENT

### POINT I

### PLAINTIFF'S DEMAND FOR AN ACCOUNTING FAILS AS A MATTER OF LAW BECAUSE THE COMPLAINT DOES NOT ALLEGE ANY WRONGDOING BY BNPP

To state a claim for an accounting, not only must the existence of a fiduciary relationship between Key and BNPP be alleged but, plaintiff must also allege specific wrongdoing by BNPP. *See Hamilton v. Patrolmen's Benevolent Ass'n of City of New York*, 88 N.Y.S.2d 683 (Sup. Ct. N.Y. County 1949) (granting defendants' motion to dismiss the equity complaint for an accounting based on plaintiff's failure to allege a fiduciary relationship and wrongdoing by the defendants); *see also Trepuk v. Frank*, 104 A.D.2d 780, 781, 480 N.Y.S.2d 889, 891 (1st Dep't 1984) (the existence of a fiduciary relationship and wrongdoing on the part of the defendant "are

---

[1] Because that portion of BNPP's Motion to Dismiss the Complaint for improper venue was mooted by the transfer of this matter from the Southern District of Florida to this Court, this reply memorandum is addressed only to the portions of the Motion brought pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim.

essential elements" of a demand for an accounting); *Stevens v. St. Joseph's Hospital*, 52 A.D.2d 722, 723, 381 N.Y.S. 2d 927, 929 (4th Dep't 1976) ("The right to maintain an action for an accounting against an agent depends upon whether or not the agent has acted as and breached his duty as a fiduciary").

"The right to maintain an action for an accounting ... ordinarily requires a showing that the agent has received property or funds belonging to his principal or has so dealt with the subject matter of his agency as to wrongfully profit at the expense of his principal." *Silber v. Clarence Rainess & Co.*, 34 A.D.2d 188, 191, 310 N.Y.S.2d 179, 182 (1st Dep't 1970) (affirming dismissal of complaint on the ground that plaintiff failed to establish any obligation to account).

Here, Key's opposition proffers no evidence, allegation or information that changes the irrefutable fact that the Complaint is devoid of any allegations of any wrongdoing, such as self-dealing, waste, breach of fiduciary duty, etc., on the part of BNPP. Accordingly, absent these requisite allegations, the Complaint for an accounting should be dismissed for failure to state a claim under New York law.

## POINT II

### PLAINTIFF ALSO FAILS TO ALLEGE THE EXISTENCE OF A FIDUCIARY RELATIONSHIP, FURTHER REQUIRING DISMISSAL OF THE COMPLAINT

BNPP demonstrated in its moving memorandum that the Complaint fails to allege the most essential element of a demand for an accounting - the existence of a fiduciary relationship. Key's opposition does not, nor could it, remedy this fundamental failure. Accordingly, as a matter of law, the Complaint should be dismissed for this reason too.

Specifically, the Complaint fails to allege that Key entrusted money or property to BNPP, or that BNPP holds money or property with respect to which BNPP owes a duty of accounting to Key. Key's opposition ignores this fatal pleading failure, and merely argues that its Complaint and the attached Credit Agreement should be read somehow to signify or imply the requisite fiduciary relationship. Key's argument is misplaced and undercut by the very citations it cites in its opposition. For example, in *Bouley v. Bouley,* 19 A.D.3d 1049, 797 N.Y.S.2d 221 (4th Dep't 2005), the Appellate Division rejected a demand for an accounting where, as here, the "Plaintiff fail[ed] to allege in [] the complaint … that [it] ha[d] entrusted money or property to defendant, nor d[id] [it] allege that defendant h[e]ld[] money or property with respect to which [defendant] owe[d] a duty of accounting to plaintiff." *Id.* at 19 A.D.3d 1051, 797 N.Y.S.2d 223.

Key's reliance on *Rubenstein v. Small,* 273 A.D. 102, 75 N.Y.S.2d 483 (1st Dep't 1947), is similarly misplaced. The facts of *Rubenstein* are the near opposite of those presented in this record. In *Rubenstein,* pursuant to a written contract concerning the production of a vaudeville show, defendant agreed to produce the show, furnish office facilities and to be paid a weekly 'fixed charge' for such facilities and his services as producer. *Id.* The agreement further provided that the defendant would maintain separate and accurate books of account in relation to the show's production containing complete entries of receipts and disbursements, to which plaintiff had access and the right of inspection. Further, the parties' contract also required that defendant would furnish a detailed statement of productions costs and weekly statements showing receipts and expenditures. *Id.* Based on those specific contractual obligations, agreed to in advance and in writing by the defendant, the court determined that the defendant was required to account for his dealings with the funds, notwithstanding its characterization of

4

plaintiff's advance as a loan. *Id.* Not a single one of these *Rubenstein* elements is present here and the citation is completely inapposite.

Here, not only has Key failed to allege (let alone identify) a fiduciary relationship or any specific facts that impose a duty on BNPP to render an accounting, but the Credit Agreement itself upon which Key relies, unlike the written agreement in *Rubenstein*, does not provide that BNPP would keep separate books of account containing detailed entries of costs, receipts, and disbursements, to which Key would have access and the right of inspection.

Moreover, Key's opposition fails entirely to address the fact that Key's demand for an accounting is negated by the very attachments Key incorporated into its own Complaint, *e.g.*, the Credit Agreement, attached as exhibit A to the Complaint, which expressly provides that Key was not in a fiduciary or special relationship with BNPP. And, in that regard, review of the Credit Agreement is wholly proper on this motion and, as demonstrated in BNPP's moving memorandum of law, the plain words of that Agreement demonstrate the absence of a fiduciary relationship. *See Cortec Industries, Inc. v. Sum Holding*, 949 F.2d 42, 48 (2d Cir. 1991) (district court "was entitled to consider" the entirety of documents cited in or integral to the complaint in determining a motion to dismiss).

Here, since the agreements attached to the Complaint, as Exhibits A and B, expressly state that BNPP is not liable to Key, that there is no fiduciary relationship between BNPP and Key, that BNPP does not have to account to Key, and to the contrary, that BNPP is entitled to indemnification from Key, Key has not and cannot state a claim for an accounting.

Finally, even assuming, *arguendo*, that Key had stated a claim for an accounting, Key concedes on the very face of its Complaint that it has already been provided with that same

5

relief. Specifically, in ¶¶ 14 and 17 of the Complaint, Key admits that BNPP has already provided it with financial summaries and a summary accounting.

In short, the Complaint should be dismissed because Key demands relief that, as a matter of law (1) it is not entitled to; and (2) it has already received.

## CONCLUSION

For all the foregoing reasons, BNPP respectfully requests that the Court dismiss the Complaint with prejudice and grant such other and further relief as it deems just and proper.

DATED:   New York, New York
         May 23, 2008

GREENBERG TRAURIG, LLP

By: _____
     Robert J. Kirshenberg (RK-1034)

200 Park Avenue
New York, New York 10166
(212) 801-9200

GREENBERG TRAURIG, P.A.
401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, Florida 33301
(954) 765-0500

Attorneys For Defendant
BNP PARIBAS S.A.